**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

In re: CAROLYN SRIVASTAVA, )
) IP 04-mc-104-SEB-DML
)

**Entry Addressing Continued Vexatious Litigation
by Carolyn Srivastava and the Issuance of an Amended
Injunction to Mitigate the Effects of Such Litigation**

**I.**

After noting the continuation of her "parade of vexatious and unwarranted litigation" and concluding that "a broader filing injunction is necessary in order to curb the abuse to which the plaintiff appears to be committed," Carolyn Srivastava was granted a period of time in which to show cause why the restricted filing injunction issued in *Srivastava v. Marion County Election Bd.,* 2004 WL 2278744 (S.D.Ind. Sept. 30, 2004), should not be modified and expanded to encompass any action brought by her, whether as a claim, a counterclaim, or a third-party complaint, filed in any state or federal court involving the same parties or claims in certain specified lawsuits brought by her. The "certain specified lawsuits" referenced in this court's Order of May 9, 2011, included *Srivastava v. Daniels,* 2011 WL 558047 (7th Cir. Feb.17, 2011); *Srivastava v. City of Chicago,* 2011 WL 1375003 (N.D.Ill. 2011); *Srivastava v. Daniels,* 2010 WL 2539451 (N.D.Ind. 2010); *Srivastava v. Marion County Election Bd.,* 2004 WL 2278744 (S.D.Ind. Sept. 30, 2004); and *Srivastava v. James Payne, et al.,* No. 1:11-cv-595-SEB-DML. It was noted that such an injunction, if required, "would prohibit the filing of any such claim, counterclaim, or third-party complaint in any judicial forum unless and until the measures specified in *Srivastava v. Marion County Election Bd.,* 2004 WL 2278744, at *4 (S.D.Ind. Sept. 30, 2004), are taken."

Srivastava did not respond to the Court's show cause order. The time within which to respond was extended through July 14, 2011, and she has still not responded. The court views her non-responsiveness as indicative of her long-established pattern of litigating on her own terms with total disregard of judicial rules and rulings with which she disagrees. Courts addressing such recalcitrance have observed that: "Lawyers and litigants who decide to play by rules of their own invention will find that the game cannot be won." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994).

## II.

Srivastava has been previously ordered to cease her abusive litigation practices. These orders, including the one issued in this action on September 30, 2004, have been appropriately specific and narrowly drawn.

> The courthouse door is generally open to all. This principle, however, is stretched to its limits by those who conduct an ongoing campaign of frivolous litigation. *See Sloan v. Commissioner of Internal Revenue,* 53 F.3d 799, 800 (7th Cir. 1995). These litigants waste the resources of the courts, of defendants, and ultimately, of society. *See Martin v. District of Columbia Court of Appeals,* 506 U.S. 1, 3, 113 S. Ct. 397, 121 L.Ed.2d 305 (1992) (observing that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staffs to "the detriment of litigants having meritorious cases"); *Sassower v. American Bar Assoc.,* 33 F.3d 733, 736 (7th Cir. 1994) (suggesting that both defendants and the judicial system are "entitled to protection from" stubbornly frivolous litigants).

*Jean v. Dugan,* 29 F.Supp.2d 939, 940-41 (N.D.Ind. 1998).

Prior orders issued in an effort to restrict her abusive litigation, however, have proven ineffective.

## III.

The pathology infecting Srivastava's litigation was aptly described in Judge Hamilton's Order of September 30, 2004:

> Throughout this campaign of litigation in this federal court, Dr. Srivastava has repeatedly asserted frivolous claims, has multiplied the proceedings vexatiously, and has used the litigation as a forum for venting baseless libels against various defendants and others, regardless of whether there was any foundation for the accusations or even any marginal relevance to the claims or issues at hand. See, *e.g., Srivastava v. Trustees of Indiana University,* 2003 WL 1810507, *1 & n. 1 (S.D.Ind. March 21, 2003). When she loses one case, she files a new one asserting the same claims.

*Srivastava v. Marion County Election Bd.*, 2004 WL 2278744, *2 (S.D.Ind. 2004). As recent chapters have chronicled, the pattern and proliferation of these abusive tactics have not only continued, but have now spilled over into state courts and other federal courts. Srivastava has filed yet another lawsuit involving the same parties and identical claims referenced in the Entry of May 9, 2011. This most recent lawsuit, just as *Srivastava v. James Payne, et al.,* No. 1:11-cv-595-SEB-DML, originated in Monroe County and was removed to this court, under docket No. 1:11-cv-909-WTL-DKL. The prior lawsuits are listed below, though we lack any confidence that this itemization includes every case she has filed:

*Srivastava v. Pescovitz*, IP 97-704-C M/S
*Srivastava v. Trustees of Indiana University*, IP 98-242-C H/G
*Srivastava v. Newman*, IP 00-617-C Y/G
*Srivastava v. Bepko*, IP 00-1980-C H/G
*Srivastava v. Cottey*, IP 01-744-C M/L
*Srivastava v. Marion County Election Board, et al.*, 1:02-cv-1385-LJM-WTL
*Srivastava v. Bepko*, 1:03-cv-421-JDT-WTL
*Srivastava v. Bepko*, 1:03-cv-952-DFH-TAB
*Srivastava v. Trustees of Indiana University*, 1:03-cv-406-LJM-WTL
*Srivastava v. Pescovitz*, 1:03-cv-805-JDT-VSS
*Srivastava v. Marion County Circuit and Superior Court*, 1:03-cv-1024-LJM-VSS
*Srivastava v. Carroll*, 1:04-cv-0810-SEB-WTL
*Srivastava v. Bepko*, 1:04-cv-0945-RLY-TAB
*Srivastava v. Daniels,* 2011 WL 558047 (7th Cir. Feb.17, 2011)
*Srivastava v. City of Chicago,* 2011 WL 1375003 (N.D.Ill. 2011)
*Srivastava v. Daniels,* 2010 WL 2539451 (N.D.Ind. 2010)
*Srivastava v. Marion County Election Bd.,* 2004 WL 2278744 (S.D.Ind. 2004)
*Srivastava v. James Payne, et al.,* No. 1:11-cv-595-SEB-DML

The cases listed above are hereafter referred to in the accompanying Amended Injunction as "the prior cases."

**IV.**

Federal courts possess authority "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman,* 878 F.2d 351, 352 (10th Cir. 1989) (per curiam).

Srivastava's litigation has surpassed all bounds of reason and standards of rationality. Her obstinate refusal to accept defeat has become intolerable. *See Homola v. McNamara,* 59 F.3d 647 (7th Cir. 1995). A litigant who disregards instructions to desist invites an award of sanctions for frivolous litigation. A court possess the "inherent power" to "levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765 (1980). The Court also has the authority to act under the All Writs Act, 28 U.S.C. § 1651(a), which empowers the issuance of "all writs necessary or appropriate in aid of [its] respective jurisdiction[ ] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). *See Chipps v. U.S. District Court for Middle District of Pa.,* 882 F.2d 72 (3d Cir. 1989) (district court may issue injunction under the All Writs Act, 28 U.S.C. § 1651(a) to require litigants who have engaged in abusive, groundless, and vexatious litigation to obtain prior court approval before filing further complaints). An exercise of this authority by the Court is required here in order to promote judicial efficiency and to deter frivolous filings and to vindicate our prior orders.

Accordingly, the following Amended Injunction is hereby entered:

# V.

## A.

The findings and analysis of the Entry issued on September 30, 2004, are incorporated as if fully set forth herein and supplemented through the findings and analysis set out in this Entry.

In view of the foregoing, given the unwarranted burdens imposed by the frivolous litigation filed by Srivastava, and in view of Srivastava's abusive practices, an **amended injunction** is entered to address and hopefully curtail her ongoing abuses:

1. Srivastava is hereby enjoined and prohibited from filing or continuing to litigate any currently filed lawsuit including the filing of any claim, whether designated as a counterclaim, third party complaint, or otherwise, in any court of any jurisdiction, whether state or federal, in which she targets the defendants in any of the prior cases or claims;

2. This amended injunction does not apply to or include any criminal action in which Srivastava is a defendant or an action in which she seeks habeas corpus relief;

3. Further, this amended injunction shall remain in effect for two (2) years from the date of its issuance;

4. Further, this amended injunction is subject to modification from time to time, if it has proven inadequate in achieving its purpose—namely, to establish and implement a procedure whereby Srivastava's abusive litigation is curtailed.

## B.

Srivastava is admonished in the clearest and firmest of terms not to violate the amended injunction; to do so may subject her to further sanctions. The power to punish for contempt is inherent in Article III judges. *Ex parte Robinson,* 86 U.S. 505, 510 (1873). Additionally, this Court, pursuant to 18 U.S.C. § 401, may punish acts of civil contempt by fine or imprisonment based on "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3); *see also Manez v. Bridgestone Firestone North American Tire, LLC*, 533 F.3d 578 (7th Cir. 2008)(outlining the elements of civil contempt). Srivastava should now regard herself as entirely forewarned.

**IT IS SO ORDERED.**

Date: 07/29/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CAROLYN HERZ SRIVASTAVA
3105 Lehigh Ct.
Indianapolis, IN 46268-1320