UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

In re: CAROLYN SRIVASTAVA, ) 
) IP 04-mc-104-SEB-DML

**Order Denying Verified Motion for Habeas Relief Under 28 U.S.C. § 2255**

For the reasons explained in this Order, Carolyn Srivastava's *verified motion for habeas relief under 28 U.S.C. § 2255* must be denied.

**I.**

This miscellaneous action was opened on the clerk's docket in order to facilitate management of Carolyn Srivastava's restricted filer status imposed in *Srivastava v. Marion County Election Bd.,* 2004 WL 2278744 (S.D.Ind. Sept. 30, 2004), and continues to be needed and used for that purpose. The orders issued in the action and related orders by this and other federal courts have not resulted in Srivastava being placed in custody as that concept is related to habeas corpus actions or in any other sense. This includes the Amended Injunction issued on July 29, 2011.

Nonetheless, it is the amended injunction which is challenged in Srivastava's *verified motion for habeas relief under 28 U.S.C. § 2255* filed with the clerk on December 3, 2011. Srivastava has thus selected a peculiarly inapt manner of seeking post-judgment relief. She describes herself in such *motion* as "a virtual prisoner," but there is neither a criminal conviction nor even a criminal prosecution associated with any of her concerns. Srivastava's challenge to a nonexistent status cannot support the relief she seeks in her *motion*; similarly, her concept of "virtual custody" is not sufficient to satisfy the actual requirement of "in custody" under 28 U.S.C. § 2255. As styled, therefore, the *verified motion for habeas relief under 28 U.S.C. § 2255* [15] is denied.

**II.**

Srivastava is not represented by counsel. Her filings are to be liberally construed. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). As noted, her *verified motion for habeas relief under 28 U.S.C. § 2255* filed on December 3, 2011, is clearly a challenge to the amended injunction issued on July 29, 2011. Srivastava states in the third sentence of the first paragraph on page one of the *motion*: "I am particularly seeking relief for the totally unlawful restrictions placed on my liberty by the document *Amended Injunction Imposing Restricted Filer Status on Carolyn Srivastava . . . .*" It is therefore

appropriate to determine whether that *motion* could support under any other construction.

"Rule 60 of the FED. R. CIV. P. regulates the procedure for obtaining relief from final judgments." *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006)(citing *Wesco Prods. Co. v. Alloy Auto. Co.,* 880 F.2d 981, 983 (7th Cir. 1989)). Srivastava had 28 calendar days after the amended injunction was issued on July 29, 2011, in which to file a motion to alter or amend judgment. No such challenge was filed. When a motion otherwise appropriate for consideration under Rule 59(e) is not timely filed, it "automatically becomes a Rule 60(b) motion." *Kiswani, Kiswani v. Phoenix Sec. Agency, Inc.,* 584 F.3d 741, 743 (7th Cir. 2009).

Relief from judgment under Rule 60 is an extraordinary remedy which should be granted only in exceptional circumstances. *Harringson v. City of* Chicago, 433 F.3d 542, 546 (7th Cir. 2006); *Del Carmen v. Emerson Electric Co.,* 908 F.2d 158, 161 (7th Cir. 1990). Such relief is warranted "only upon a showing of extraordinary circumstances that create substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

"A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). Here, § 2255 does not rest on any of the specific grounds for relief authorized by Rule 60(b). It is therefore insufficient to justify relief. *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992)(explaining that a post-judgment motion "must be shaped to the specific grounds for modification or reversal found in 60(b)--they cannot be general pleas for relief.").

The § 2255 motion does recited supposed legal errors in the issuance of the amended injunction, but Rule 60(b) does not provide an avenue for asserted legal error. *See Marques v. FRB*, 286 F.3d 1014, 1018-19 (7th Cir. 2002) ("A legal error is not one of the specified grounds for [a 60(b) motion]. In fact, it is a forbidden ground."). The appropriate means by which to assert alleged legal errors is by a timely appeal. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (Rule 60(b) "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of the law."); *see also McKnight v. United States Steel Corp.*, 726 F.2d 333, 338 (7th Cir. 1984) ("The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal."). Srivastava did not appeal issuance of the amended injunction. Rule 60(b), as she has arguably invoked it here, offers her no relief.

**III.**

Carolyn Srivastava's *verified motion for habeas relief under 28 U.S.C. § 2255* [15] is denied.

**IT IS SO ORDERED.**

Date: 02/23/2012

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Carolyn Herz Srivastava
3105 Lehigh Ct.
Indianapolis, IN 46268-1320